UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
|     Plaintiff, : | |
| : | CRIMINAL ACTION NO. |
| v. : | 07-cr-034 (JCH) |
| : | |
| IVALISE COTTO : | APRIL 3, 2009 |
|     Defendant. : | |

**ORDER**

On October 14, 2008, defendant Ivalise Cotto pleaded guilty to Count One of the Superseding Indictment in the above-captioned case. See Doc. No. 200. On November 25, 2008, the court issued a calendar entry scheduling sentencing for the afternoon of January 14, 2009. See Doc. No. 231.

On January 13 2009, approximately 25 hours prior to the scheduled sentencing, Ms. Cotto's counsel, Attorney Justine Levine, filed a Motion requesting that the sentencing be continued in order to allow both plaintiff and defense counsel additional time to prepare. See Doc. No. 240. On January 13, 2008, the court granted Attorney Levine's Motion and rescheduled sentencing for March 12, 2009 at 10:00 a.m. See Doc. Nos. 241, 242.

On March 11, 2009, less than 18 hours before the scheduled sentencing, Attorney Levine once again moved the court to continue sentencing. See Doc. No. 262. The grounds upon which Attorney Levine requested a continuance were nearly identical to those in his previous Motion to Continue, namely, that both plaintiff and defense counsel required additional time to prepare.[1]  See id.

---

[1] Attorney Levine's March 11, 2009 Motion did not mention the fact that he was in California when the Motion was filed, and, as he admitted to chambers' staff by telephone, had no plans to return to Connecticut for the sentencing because he was unaware of the sentencing date. Further, Attorney

On March 12, 2009, the court granted Attorney Levine's Motion once again, this time ordering Attorney Levine to show cause why he was unable to make his Motion until less than 20 hours before the scheduled sentencing.  See Doc. No. 263.  The court specifically ordered that Attorney Levine respond, in writing, no later than March 26, 2009.  See id.

As of April 3, 2009, the court has received no response to its Order to Show Cause.  Consequently, Attorney Levine is hereby sanctioned $200.00 for failure to obey an Order of the court.  See United States v. Seltzer, 227 F.3d 36, 42 (2d Cir. 2000) (noting that district courts have inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order).  The sanction, payable to the Clerk of the Court, must be received by the Clerk's Office no later than April 8, 2009 or further sanctions shall be imposed.  The Clerk is directed to deposit the monies in the pro bono counsel reimbursement fund.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 3rd day of April, 2009.

    /s/ Janet C. Hall
    Janet C. Hall
    United States District Judge

---

Levine's Motion also omits any mention of his failure to communicate with his client, who was not only aware of the March 12 sentencing date but had made plans to be present in court on that day.